UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J Frederick Nathanial Mason III,<br><br>Plaintiff,<br><br>v.<br><br>Donald J. Trump, et al.,<br><br>Defendants. | Case No. 2:20-cv-00447-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is plaintiff J Frederick Nathanial Mason III's application to proceed in forma pauperis ("IFP"), filed on March 3, 2020. ECF No. 1. Mr. Mason has submitted the declaration required by 28 U.S.C. § 1915(a) demonstrating an inability to prepay fees and costs or give security for them. Accordingly, the Court will grant his request to proceed IFP and screen his complaint (ECF No. 1–2) as required by 28 U.S.C. § 1915(e)(2).

**I.    Background.**

The allegations set forth in Mr. Mason's complaint center around a purported "Obliquity Shift" of the sun which, Mr. Mason alleges, caused increased amounts of radiation to reach the Earth and detrimentally affected human wellbeing. ECF No. 1–2 at 2. Mr. Mason further alleges that because radiation sickness presents symptoms similar to the flu, President Obama was able to fabricate the Swine Flu epidemic in order to disguise the effects of radiation exposure. *Id.* According to Mr. Mason, President Trump has furthered this coverup by attributing the results of recurrent radiation poisoning to the Coronavirus. *Id.* Overall, Mr. Mason alleges that "the governments of the world are conspiring to withhold the truth" and are allowing their inhabitants to die from radiation sickness by misrepresenting it as the "Swine Flu, Flu, and now Corona[virus]." *Id.* at 5.

Based on the allegations above, Mr. Mason asserts that the government violated the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution by "[u]sing a

Hoax cause as justification to restrict individuals" from "fleeing into the mountains to escape apocalyptic events." *Id.* He further alleges that the government has violated the First Amendment Establishment Clause by "using satanic imagery to represent their authority." *Id.* Mr. Mason thus alleges that defendants Donald J. Trump, Steve Sisolak, Jared Polis, the Federal Emergency Management Agency, and the Clark County Office of Emergency Management committed the above offenses "in their respective capacities" by failing to announce the "aberrant Obliquity." *Id.*

Mr. Mason seeks relief under the Stafford Act, which he claims serves as "predisaster preparation mitigation assistance" in order to give "disadvantaged citizens an opportunity to acquire the resources and provisions necessary to survive the event." *Id.* Mr. Mason asserts that providing him relief under the Stafford Act would allow him to relocate to mountains in Colorado where he will be safe from "Coronal radiation/virus, nuclear radiation, asteroid impact affects, and the general consequences associated with living in a society operated by individuals with a satanic agenda." *Id.* at 3.

**II.  Discussion.**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

A district court should grant a plaintiff leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Dismissal of a pro se complaint is only proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* at 1128.

Here, even liberally construing Mr. Mason's complaint, the Court finds that his factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Furthermore, Mr. Mason's allegations regarding a government coverup, the government's use of satanic imagery, and his desire to be protected from apocalyptic natural disasters could not be cured by the allegation of other facts. Because Mr. Mason cannot prevail on the facts he has alleged and amendment would be futile, it is recommended that the complaint be dismissed with prejudice.

### III. Conclusion.

IT IS THEREFORE ORDERED that plaintiff's application to proceed IFP is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court file plaintiff's complaint (ECF No. 1–2) onto the docket.

IT IS FURTHER RECOMMENDED that Mr. Mason's complaint (ECF No. 1–2) be DISMISSED with prejudice as delusional and frivolous.

…

…

…

…

…

…

…

…

…

…

**Notice**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 21, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE